http://www.va.gov/vetapp16/Files3/1626411.txt

Citation Nr: 1626411 
Decision Date: 06/30/16 Archive Date: 07/11/16

DOCKET NO. 10-07 472 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas

THE ISSUE

Entitlement to service connection for sleep apnea, to include as secondary to service-connected posttraumatic stress disorder (PTSD).

REPRESENTATION

Veteran represented by: Disabled American Veterans

WITNESSES AT HEARING ON APPEAL

Veteran and his wife

ATTORNEY FOR THE BOARD

D. Van Wambeke, Counsel

INTRODUCTION

The Veteran served on active duty from July 1967 to September 1991. The Veteran served in the Republic of Vietnam and was awarded a Purple Heart, Combat Infantryman Badge, and Bronze Star Medal, among other awards and decorations.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a May 2009 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO). 

The veteran and his wife presented testimony at a personal hearing before a Decision Review Officer (DRO) in September 2010. A transcript is of record.

The current record before the Board consists entirely of electronic files known as Virtual VA and the Veterans Benefits Management System (VBMS). 

The claim has been remanded by the Board on several occasions, namely in September 2013, November 2014 and September 2015. The appeal must again be REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.

REMAND

The claim for service connection for sleep apnea, to include as secondary to PTSD, was initially remanded by the Board in September 2013 in order to schedule the Veteran for an appropriate examination regarding his claim. He underwent a sleep apnea Disability Benefits Questionnaire (DBQ) in December 2013. The Board remanded the claim in November 2014 and September 2015 in order to obtain addendum opinions from the December 2013 VA examiner. These were provided in May 2015 and December 2015. 

In the September 2015 remand, the Board specifically discussed the fact that the May 2015 addendum opinion contained ambiguity. In the December 2015 addendum opinion, the VA examiner provided an opinion that it is less likely as not that the Veteran's sleep apnea is aggravated by his PTSD. The rationale included a statement that the claims file was reviewed and that the current medical literature does not support any causal or other relationship between PTSD and OSA (sleep apnea). The examiner then stated "I have already discussed this in the previous opinion of 5/6/2015." This opinion and statement does not address the ambiguity discussed in the Board's September 2015 remand so another opinion must be obtained.

Accordingly, the case is REMANDED for the following action:

1. Send the Veteran's file to a VA physician other than the physician who provided the December 2015 addendum opinion. If the physician determines that an examination of the Veteran is necessary to provide the requested opinion, then an examination should be scheduled. The examiner is asked to address the following:

Whether it is at least as likely as not (50 percent probability or greater) that the Veteran has sleep apnea that was (i) caused by, or (ii) aggravated by (permanently worsened beyond natural progression) his service-connected PTSD. 

In answering this question, the physician should specifically address the Veteran's representative's argument in the September 2014 Post-Remand Brief that the Veteran's PTSD results in chronic sleep impairment, which in turn results in obesity, which can lead to sleep apnea. 

If the physician finds that PTSD aggravated sleep apnea, the physician should objectively quantify the degree of aggravation above and beyond the level of impairment had no aggravation occurred, to the extent possible. 

A complete rationale for all opinions expressed should be provided. 

2. Readjudicate the claim. If the benefit sought on appeal remains denied, furnish the Veteran and his representative a supplemental statement of the case and provide an appropriate period of time to respond. The case should then be returned to the Board for further appellate review, if in order. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
Nathan Kroes 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).